SAMUEL WILLIAMSON, RESPONDENT, *v.* S. AMANDA DODGE, APPELLANT.

*Married woman — when liable on promissory note.*

An action can be maintained against a married woman possessed of a separate estate, on a promissory note, given for a sewing machine purchased by her on her own account, her husband being present at the time of the purchase, and refusing to purchase it or have any thing to do with it, and she promising at the time to pay it.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

The action is upon a promissory note, given by the defendant for a sewing machine. The note is as follows:

" $60.00 " GREAT VALLEY, *March* 25, 1873.

" One year from date, for value received, I promise to pay to L. C. Miller, or bearer, sixty dollars with use.

(Signed.) "S. AMANDA DODGE."

The defendant at the time of giving the note was a married woman, living with her husband on a farm owned by him. She had a separate estate, consisting of timber land. The husband, she testified, supported and provided for the family. The note was given at the house of the defendant's husband, and in his presence, and that of the family and of the plaintiff. The sewing machine was purchased, she testified, to do the sewing in the family, which consisted of herself, husband and two daughters. She never had carried on any separate business. The plaintiff testified that the defendant made the contract for the machine, and her husband said she must pay for it, in her presence when the note was given. The case was submitted to the jury, who found for the plaintiff.

*S. S. Spring*, for the appellant.

*A. Ward*, for the respondent.

E. DARWIN SMITH, P. J. :

The question presented to us upon this appeal, arises upon the defendant's exception to the proposition in the charge of the judge to the jury, as follows : " But if the defendant made the purchase in her own name, and took the title to herself for her own use and management, and to be kept as part of her separate estate, to be held separate and distinct from the estate of her husband, free from his control and management, then she is liable upon her promise to pay for the same, which in this case is contained in the note." To this proposition the defendant's counsel duly excepted, insisting that there was no sufficient evidence on which the proposition could be founded. The verdict of the jury for the plaintiff affirmed this proposition upon the facts, and as the case comes here upon appeal from the judgment only, we cannot review the evidence, and can only consider the question of law raised or involved in this exception.

The action is upon a promissory note. This constitutes the contract between the parties. The defense of coverture, being interposed by the defendant's answer, and proved *prima facie*, avoids the note, as a contract invalid at common law. But this inference of the law may be repelled by proof, and the consideration of the note shown. The defendant, having a separate estate, might bind

the same by an express contract for that purpose, as held in *Yale* v. *Dederer* (18 N. Y., 265, and 22 id., 450), and the *Corn Exchange Insurance Company* v. *Babcock* (42 id., 613). This note is no such contract. But it is also held in *Maxon* v. *Scott* (55 N. Y., 250), and in *Kelty* v. *Long* (4 N. Y. S. C., 164), that an oral contract, expressly charging the separate estate, is valid.

This sewing machine was purchased by the defendant herself. She made the contract for it, and on her own account, and upon the credit of her separate estate, and she expressly agreed personally to pay for it, her husband refusing at the time to purchase it or have any thing to do with it. The title to it passed to her, and it became part of her separate estate. She testified at the trial that "she owned it yet." The finding of the jury affirmed these facts, and it warrants the judgment, within the cases of *Maxon* v. *Scott*, and *Kelty* v. *Long* (*supra*).

The judgment should be affirmed.

Present — SMITH, P. J., GILBERT and MERWIN, JJ.

Judgment affirmed.